UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FABRICIO AUGUSTO GOMES MORANGOM,** | Civil Action No. 25-18640 (KSH) |
| Petitioner, | MEMORANDUM & ORDER |
| v. | |
| **ERIC ROKOSKY, et al.,** | |
| Respondents. | |

      Petitioner is a citizen of Brazil who was ordered removed in absentia on December 13, 2005. (ECF No. 1, Exhibit B to Petition at 31.) He filed a motion to reopen proceedings, which was denied by the immigration court on April 23, 2024; his appeal before the Board of Immigration Appeals ("BIA") remains pending. (*See id.* at Petition at ¶¶ 1-4.) Petitioner was detained by ICE on December 9, 2025 (ECF No. 1, Petition at ¶ 3), and has filed a habeas petition challenging the lawfulness of his detention. (ECF Nos. 1-2.) Petitioner has also filed a motion for a temporary restraining order ("TRO") or preliminary injunction, seeking immediate release from custody or a bond hearing and asking the Court to enjoin his rearrest. (ECF No. 2, TRO at 20.) Petitioner appears to concede that he is "mandatorily detained under 8 U.S.C. § 1231(a)" (ECF No. 1, Petition at ¶ 4; ECF No. 2, TRO at ¶ 4), but he also contends that his mandatory detention under § 1231(a) (or 8 U.S.C. § 1225(b)(2)) is unlawful. (*Id.* at ¶¶ 4-5, 34-46.)

      Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court is required to examine a habeas petition prior to ordering an answer and dismiss the petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court"). The Court has examined this Petition and determined that dismissal prior to the answer is not warranted.

To succeed on his TRO motion, petitioner must to demonstrate (1) that he is reasonably likely to prevail eventually in the litigation and (2) that he is likely to suffer irreparable injury without relief. If these two threshold showings are made, the District Court then considers, to the extent relevant, (3) whether an injunction would harm respondents more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (citing *A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

The Court denies without prejudice petitioner's TRO motion because he has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy. Indeed, Petitioner concedes that he has a final order of removal dating back to 2005.[1] He contends that his detention is not supported by § 1231, which governs detention of noncitizens who have final orders of removal, because his motion to reopen has merit and his removal order will be set aside by the BIA. However, the BIA has not yet ruled on Petitioner's motion to reopen, and he has not provided any legal support for the argument that he may not be detained under 8 U.S.C. § 1231(a).

Whether his continued detention under § 1231 is lawful is governed by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), which held that the INA's post-removal-period detention

---

[1] An order of removal becomes final at the earlier of two points: (1) "a determination by the [BIA] affirming such order," or (2) "the expiration of the period in which the alien is permitted to" petition the BIA for review of the order. *Riley v. Bondi*, 606 U.S. 259, 267 (2025) (quoting 8 U.S.C. § 1101(a)(47)(B).)

provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future." Here, petitioner has been detained since December 9, 2025. (ECF No. 2, TRO at 1.) Therefore, it appears that the length of Petitioner's detention is not presumptively unreasonable under *Zadvydas*.

For these reasons, the Court denies without prejudice petitioner's motion for a TRO and directs Respondents to file their answer within 14 days. Petitioner may file his reply brief within 14 days thereafter. On December 16, 2025, the Court temporarily enjoined Petitioner's transfer or removal. (ECF No. 3.) The December 16 Order shall remain in effect pending further order of the Court, and the parties shall address whether that Order should be lifted.[2]

**THEREFORE**, it is on this 16th day of January 2026,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that petitioner's motion for a TRO or a preliminary injunction (ECF No. 2) is denied without prejudice because he has not shown a likelihood of success on the merits with respect to his claim that his detention under § 1231 is unlawful; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon respondents by regular mail, with all costs of service advanced by the United States; and it is further

---

[2] Petitioner has not indicated whether he has sought or received a stay of removal from the BIA or the appropriate circuit court in connection with his motion to reopen proceedings.

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 14 days, respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 7 days after the answer is filed; and it is further

**ORDERED** that the Court's December 16 Order staying Petitioner's transfer or removal shall remain in effect pending further order of the Court; the parties, in their respective submissions, shall address whether that Order should be lifted.

<u>s/Katharine S. Hayden</u>
Katharine S. Hayden, U.S.D.J.