UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAGOBERTO GUZMAN,** | Civil Action No. 26-1250 (KSH) |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| **PAM BONDI, et al.,** | |
| Respondents. | |

      Petitioner Dagoberto Guzman, who is currently detained at Delaney Hall in Newark, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his mandatory detention by Immigration and Customs Enforcement ("ICE") since December 12, 2025. (ECF No. 1, Petition at ¶¶ 1, 4.) He entered the United States in 2022, was granted parole until June 7, 2023, and applied for asylum on April 19, 2023. (*Id.* at ¶¶ 2-3.) Petitioner is HIV positive and contends that the conditions at Delaney Hall are unfit for a person with HIV, which has led to his hospitalization with cytomegalovirus; he also contends that he is not receiving treatment for suspected colon cancer. (ECF No. 4; *see also* ECF No. 2; Petition at ¶¶ 35, 93;) For these reasons, he seeks expedited consideration of his Petition and release from detention.

      The Court has examined this Petition under Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) and determined that dismissal prior to the answer is not warranted. The Court also directs Respondents to provide copies of Petitioner's medical records and SHOW CAUSE why this Court should not order him released under

reasonable conditions based on his serious medical conditions and deteriorating health in ICE custody.[1]

**THEREFORE**, it is on this 3rd day of March 2026,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED that the Court's February 8 Order staying Petitioner's transfer or removal REMAINS IN EFFECT pending further order of the Court; and it is further**

---

[1] The Third Circuit's decision in *Lucas v. Hadden*, 790 F.2d 365 (3d Cir. 1986) holds that "bail may be granted to a habeas petitioner prior to a ruling on the merits of the petition" where "extraordinary circumstances" are present, *id.* at 367; and courts have applied this reasoning in immigration habeas cases, *see Kolawole O.T. v. Ahrendt*, 466 F. Supp.3d 457, 466, 470 (D.N.J. 2020) (finding that interim release was warranted based on serious mental illness and petitioner's worsening mental health during the COVID-19 pandemic); *Alfonso v. Soto*, No. 25CV17371 (EP), 2025 WL 3187438, at *2 (D.N.J. Nov. 14, 2025) (finding extraordinary circumstances to grant release on bail in habeas proceeding where the petitioner's daughter was gravely ill); *see also M.M. v. Rokosky*, No. 25-18547, 2025 WL 3687941, at *2 (D.N.J. Dec. 19, 2025) (ordering release of a noncitizen with serious medical conditions who was improperly detained under 8 U.S.C. § 1225(b)(2)).

**ORDERED that by Wednesday, March 4, 2026 at 5 p.m., Respondents shall provide Petitioner's full medical records and SHOW CAUSE why Petitioner should not be released under reasonable conditions due to his serious medical conditions and deteriorating health in ICE custody; the medical records shall be accompanied by a certification from a person with knowledge who could appear as a witness at a hearing should the Court order one; and it is further**

**ORDERED** that if Respondents do not intend to release Petitioner under reasonable conditions, they shall also file their full answer by Wednesday, March 4, 2026, at 5 p.m.; the full answer shall address each claim in the Petition, provide the statutory basis for Petitioner's detention, and provide the relevant record and legal arguments; and it is further

**ORDERED** that, if necessary, Petitioner's counsel may file a response to Respondents' submission by Thursday, March 5, 2026 at 5 p.m.

*s/Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.
